UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA
     Plaintiff,

    v.

DONALD BRISLIN, President and Officer of
DUBLIN INTERNAL MEDICINE, PC,
     Defendant.

Civil Action No.

## COMPLAINT TO ENFORCE
## INTERNAL REVENUE SUMMONS

For its Complaint to Enforce Internal Revenue Summons, the United States of America

alleges as follows:

1. This proceeding is brought pursuant to 26 U.S.C. (Internal Revenue Code (I.R.C.))

   §§ 7402(b) and 7604(a) and Local Rule 4.1.2(b) to judicially enforce an Internal Revenue

   summons issued pursuant to 26 U.S.C. § 7602.

2. This Court has subject matter jurisdiction pursuant to 26 U.S.C. §§ 7402(b) and 7604(a)

   and 28 U.S.C. §§ 1340 and 1345.

3. Venue is proper in this district pursuant to 26 U.S.C. § 7604(a) and 28 U.S.C. §§ 1391(b)

   and 1396.

4. Dublin Internal Medicine, P.C., is a Pennsylvania professional corporation organized

   under the laws of Pennsylvania and having a place of business in Bucks County,

   Pennsylvania.

5. Defendant Donald Brislin is the President and sole officer of Dublin Internal Medicine.

   Brislin resides in Perkasie, Pennsylvania, within the jurisdiction of this Court.

6. The Secretary of the Treasury and the Commissioner of Internal Revenue are charged

   with the responsibility of administering and enforcing the Internal Revenue Code. To

adequately administer and enforce federal tax laws, the Secretary of the Treasury is authorized by 26 U.S.C. § 7601 to,

> to the extent he deems it practicable, cause officers or employees of the Treasury Department to proceed, from time to time, through each internal revenue district and inquire after and concerning all persons therein who may be liable to pay any internal revenue tax . . . .

§ 7601(a).

7. Section 7601 "gives the Internal Revenue Service a broad mandate to investigate and audit 'persons who *may* be liable' for taxes." *United States v. Bisceglia*, 420 U.S. 141, 145 (1975) (emphasis in original).

8. Section 7602 of the Internal Revenue Code provides the IRS with its authority to issue summonses. It states, in relevant part, that, "[f]or the purpose of ascertaining the correctness of any return, making a return where none has been made, [or] determining the liability of any person for any internal revenue tax . . ." the IRS is authorized to "examine any books, papers, records, or other data which may be relevant or material to such inquiry," and to summon any person liable for tax, or any officer or employee of such person, or any person having possession of relevant records, and to take such person's testimony under oath. *See* 26 U.S.C. § 7602(a).

9. Patricia Reuter is a duly commissioned Revenue Officer ("RO") employed by the Small Business/Self-Employed Division Central Compliance Area of the Internal Revenue Service at 200 Lakeside Drive, Suite 220, Horsham, PA 19044. (*See* Declaration of Patricia Reuter filed with this petition at ¶ 1.) RO Reuter is authorized to issue Internal Revenue summonses pursuant to 26 U.S.C. § 7602 and 26 C.F.R. § 301.7602-1.

10. An investigation by the Internal Revenue Service is in process; namely, RO Reuter is conducting an investigation into the federal corporate income tax liabilities (Forms 1120-

S) of Dublin Internal Medicine, PC, for the following tax years:  2008, 2009, 2010, 2011, 2012, 2013, 2014, 2015, 2016, and 2017. (*See* Reuter Decl. at ¶ 2.)

11. In furtherance of the IRS's investigation described in paragraph 10 above, and in accordance with 26 U.S.C. § 7602, on March 5, 2019, RO Reuter issued an Internal Revenue administrative summons to Brislin as the President and officer of Dublin Internal Medicine, PC, demanding that Brislin produce for examination certain books, papers, records or other data as described in the summons. (*See id.* at ¶ 3.) A true and correct copy of the March 5, 2019 summons issued to Brislin is attached as Exhibit 1 to Reuter's declaration filed in support of this Complaint. (*See id.*; Summons, Ex. 1.)

12. The summons directed Brislin to appear before RO Reuter on March 28, 2019, at her office for the purpose of giving testimony and producing for examination the books, papers, records, or other data described in the summons, including documents related to the corporate income tax liability of Dublin Internal Medicine for the 2008 through 2017 tax years. (*See* Ex. 1.)

13. On March 5, 2019, RO Reuter served an attested copy of the summons on Brislin by leaving it at his last and usual place of abode, as set forth in the certificate of service attached to the summons. (*See* Reuter Decl. at ¶ 4; Certificate of Service, Ex. 1 at 2.) *See also* 26 U.S.C. § 7603(a).

14. On March 28, 2019, Brislin appeared and provided federal corporate income tax returns (Forms 1120-S) for Dublin Internal Medicine, PC, for the 2008, 2009, and 2010 tax years. (Reuter Decl. at ¶ 5.) Brislin did not provide the remaining returns, despite receiving two extensions to do so. (*Id.*)

15. Brislin refused to comply with the summons by producing all of the books, papers, records or other data demanded in the summons, despite receiving two extensions from the IRS after March 28, 2019. Specifically, Brislin has not produced documents demanded by the summons relating to the determination of Dublin Internal Medicine's corporate income tax liabilities (Forms 1120-S) for the 2011, 2012, 2013, 2014, 2015, 2016, and 2017 tax years. His non-compliance continues to this date. (Reuter Decl. at ¶ 6.)

16. The books, papers, records, or other data sought by the summons is not already in the possession of the IRS with the exception of those documents set forth in paragraph 14. (*Id.* at ¶ 7.) The IRS does not seek duplicate production of those documents already produced by Brislin.

17. The March 5, 2019, summons seeks information that may be relevant to the corporate income tax liabilities of Dublin Internal Medicine, PC. It is necessary to examine the books, papers, records, or other data sought by the summons as part of the IRS's investigation referenced in paragraph 10 of this Complaint. (*Id.* at ¶¶ 8-9.)

18. Brislin has not fully complied with the summons and his refusal to comply continues to date.

19. All administrative steps required by the Internal Revenue Code for enforcement of the summons have been followed. (*Id.* at ¶ 10.)

20. There is no "Justice Department referral" in effect with respect to Brislin. More specifically, no recommendation has been made by the IRS to the Department of Justice for a grand jury investigation or criminal prosecution of Brislin related to the corporate income tax liabilities of Dublin Internal Medicine for the tax years under investigation.

No request has been made under 26 U.S.C. § 6103(h)(3)(B) for the disclosure of any return or return information in connection with a grand jury investigation or potential or pending criminal investigation of Brislin. *See* 26 C.F.R. § 301.7602-1(c)(2)(ii). (*See also* Reuter Decl. at ¶ 11.)

21. With the attached declaration of RO Reuter, the United States has satisfied its *prima facie* case for enforcement of the summons. *See United States v. Powell*, 379 U.S. 48, 57-58 (1964).

WHEREFORE, the United States seeks the following relief from the Court and against Brislin:

1. That this Court enter an Order directing Defendant Donald Brislin to show cause, if any, why he should not comply with and obey the aforementioned summons issued to him and each and every requirement thereof;

2. That the Court include in its order to show cause, referred to above, authorization for Revenue Officer Patricia Reuter, or any other IRS officer or employee, to serve Brislin with the show-cause order, along with a copy of this Complaint and the declaration of RO Reuter;

3. That the Court enter a separate enforcement order directing Brislin to obey the aforementioned summons and each and every requirement thereof by ordering his testimony and production of the books, papers, records, and other data, except for those documents he has already produced, as is required and called for by the terms of the summons before Revenue Officer Reuter, or any other proper officer or employee of the Internal Revenue Service, at such time and place as may be fixed by RO Reuter, or any other proper officer or employee of the Internal Revenue Service;

4. That the Court award the United States its costs incurred in maintaining this action; and

5. That the Court grant the United States such other and further relief as it deems just and proper.

Dated: *August 20, 2019*

Respectfully submitted,

WILLIAM M. McSWAIN
United States Attorney

GREGORY B. DAVID
Assistant United States Attorney
Chief, Civil Division

ERIN E. LINDGREN
Assistant United States Attorney
United States Attorney's Office
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
Phone:  (215) 861-8564
Fax:  (215) 861-8618
Erin.Lindgren@usdoj.gov

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>          Plaintiff,<br>     v.<br><br>DONALD BRISLIN, President and Officer of<br>DUBLIN INTERNAL MEDICINE, PC,<br>          Defendant. | Civil Action No. |

### ORDER TO SHOW CAUSE

AND NOW, this _____ day of _____, 2019, upon consideration of the

Complaint, the Declaration of Internal Revenue Service Revenue Officer Patricia Reuter and the

exhibit attached thereto, and good cause having been shown:

IT IS ORDERED that DONALD BRISLIN shall appear before the United States District

Court for the Eastern District of Pennsylvania before the Honorable_____, the

undersigned, in Courtroom _____ of the U.S. Federal Courthouse, 601 Market Street,

Philadelphia, Pennsylvania, on the _____ day of _____, 2019, at __:__, to show

cause why an Order should not be entered enforcing the Internal Revenue Summons served on

him on March 5, 2019 by Revenue Officer Patricia Reuter of the Internal Revenue Service.

IT IS FURTHER ORDERED that a copy of this Order to Show Cause, together with the

Complaint and Exhibits shall be served upon the Defendant or left at his address with someone

of suitable age and discretion who resides there by Revenue Officer Patricia Reuter or any other

person designated by the Internal Revenue Service.

IT IS FURTHER ORDERED that within 21 days of service of this Order to Show Cause,

the Complaint, and the Exhibits upon him, Defendant Donald Brislin shall file with the Clerk of

Court, and serve on counsel for the United States at the address on the complaint, an answer,

motion or other responsive pleading, together with an affidavit in support thereof. Affidavits

filed in opposition to the petition or in support of any motion shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Any affidavit failing to comply with this standard shall not be considered by the Court.

IT IS FURTHER ORDERED that only those issues raised in the pleadings or motions and supported by affidavit(s) will be considered by the Court during the hearing of this matter, and any uncontested allegation in the Complaint will be taken as admitted for the purpose of this enforcement proceeding.

IT IS FURTHER ORDERED that if Defendant has no objection to compliance with the summons served upon him, he shall notify the Court, in a writing filed with the Clerk of Court and served on counsel for the United States at least five (5) days prior to the date of the hearing of this matter that he has no objection to compliance with the summons, then he will not be required to respond or appear as ordered above, and the Court will issue an order enforcing the summons.

BY THE COURT:

_____
J.

# Declaration of
## Revenue Officer Patricia Reuter

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

      Plaintiff,

v.

DONALD BRISLIN, President and Officer of
DUBLIN INTERNAL MEDICINE, PC,
      Defendant.

Civil Action No.

## DECLARATION OF REVENUE OFFICER PATRICIA REUTER

I, Patricia Reuter declare as follows:

1.     I am a duly commissioned Revenue Officer employed in the Small Business/Self-Employed Division Central Compliance Area of the Internal Revenue Service at 200 Lakeside Drive, Suite 220, Horsham, PA 19044.

2.     In my capacity as a Revenue Officer, I am conducting an investigation into the determination of the federal corporate income tax liabilities (Forms 1120-S) of Dublin Internal Medicine, PC for the fiscal periods ending December 31, 2008, December 31, 2009, December 31, 2010, December 31, 2011, December 31, 2012, December 31, 2013, December 31, 2014, December 31, 2015, December 31, 2016, and December 31, 2017.

3.     In furtherance of the above investigation and in accordance with Section 7602 of Title 26, U.S.C., I issued on March 5, 2019 an administrative summons, Internal Revenue Service Form 6638, to Donald Brislin, to give testimony and to produce for examination books, papers, records, or other data as described in said summons. The summons is attached to my declaration as Exhibit 1.

4.     In accordance with 26 U.S.C. § 7603, on March 5, 2019, I served an attested copy of the Internal Revenue Service summons described in Paragraph (3) above on the

defendant, Donald Brislin, by leaving the copy at the defendant's last and usual place of abode, as evidenced in the certificate of service on the reverse side of the summons.

5. On March 28, 2019, the defendant, Donald Brislin, appeared in response to the summons but did not provide all of the summoned information. The defendant provided corporate income tax returns for tax years 2008, 2009, and 2010. The defendant requested an additional week to the produce the information requested by the summons. The defendant was given until April 10, 2019, to produce the information requested by the summons. On April 9, 2019, the defendant requested additional time to produce the information requested in the summons. The defendant was given until April 30, 2019, to produce the information requested in the summons.

6. The defendant's refusal to comply with the summons with respect to the determination of the federal corporate income tax liabilities (Forms 1120-S) of Dublin Internal Medicine, PC for the fiscal periods ending December 31, 2011, December 31, 2012, December 31, 2013, December 31, 2014, December 31, 2015, December 31, 2016, and December 31, 2017 continues to the date of this declaration.

7. The books, papers, records, or other data sought by the summons are not already in the possession of the Internal Revenue Service, except for with respect to the 2008, 2009, and 2010 tax years, as set forth above.

8. It is necessary to examine the books, papers, records or other data sought by the summons in order to properly determine the federal corporate income tax liability (Forms 1120) of Dublin Internal Medicine, PC for the periods ending December 31,

2

2011, December 31, 2012, December 31, 2013, December 31, 2014, December 31, 2015, December 31, 2016, and December 31, 2017.

9.      This investigation is being conducted for a legitimate purpose and the information may be relevant for that purpose.

10.     All administrative steps required by the Internal Revenue Code for issuance of a summons have been taken.

11.     As of the date that the summons was issued and served, and as of the day I signed this declaration, there was no Department of Justice referral, as defined by 26 U.S.C. § 7602(d)(2), in effect with respect to Donald Brislin.

I declare under penalty of perjury that the foregoing is true and correct

Executed this 15 day of August, 2019.

_____
PATRICIA REUTER
Revenue Officer, Internal Revenue Service

3

# Exhibit 1

## To Declaration of
## Revenue Officer Patricia Reuter

 # Summons

## Income Tax Return

**In the matter of**  DR. DONALD BRISLIN, TP/OFFICER OF, DUBLIN INTERNAL MEDICINE PC, PO BOX 263, DUBLIN, PA 18917-0263

**Internal Revenue Service** *(Identify Division)*  SMALL BUSINESS/SELF EMPLOYED

**Industry/Area** *(Identify by number or name)*  Small Business / Self Employed

**Periods:**  See Attachment 1 to Summons Form 6638 for Period Information

**The Commissioner of Internal Revenue**

**To:**  DR. DONALD BRISLIN, TP/OFFICER OF DUBLIN INTERNAL MEDICINE PC

**At:**  PO BOX 263, DUBLIN, PA 18917-0263

You are hereby summoned and required to appear before PATRICIA  REUTER, an Internal Revenue Service *(IRS)* officer, to give testimony and to bring for examination the following information related to the tax liability of the person identified above for the periods shown:

All documents and records you possess or control about income you received for the years:  2008, 2009, 2010, 2011, 2012, 2013, 2014, 2015, 2016 and 2017

These records and documents include, but are not limited to: Forms W-2 *(Wage and Tax Statement)*, Forms 1099 for interest and dividend income, employee earnings statements, and records of deposit with banks or other financial institutions.

Also include all other books, records, documents and receipts for income from, but not limited to, the following sources: wages, salaries, tips, fees, commissions, interest, rents, royalties, alimony, state or local tax refunds, annuities, life insurance policies, endowment contracts, pensions, estates, trusts, discharge of indebtedness, distributive shares of partnership income, business income, gains from dealings in property, and any other compensation for services *(including receipt of property other than money)*. Include all documents and records about any income you assigned to any other Person or entity.

IRS will use this information to prepare a federal income tax return for the following year(s) when you didn't file a return:  2008, 2009, 2010, 2011, 2012, 2013, 2014, 2015, 2016 and 2017

We have attached a blank return to guide you in producing the necessary documents and records.

### Do not write in this space

**Business address and telephone number of IRS officer before whom you are to appear:**

200 LAKESIDE DRIVE, SUITE 220,  HORSHAM,  PA   19044  (215) 344-6593

**Place and time for appearance: At**  200 LAKESIDE DRIVE,  SUITE 220,  HORSHAM,  PA  19044

**IRS**

Department of the Treasury
**Internal Revenue Service**
www.irs.gov
Form 6638 (Rev.10-2010)
Catalog Number 61828W

on the  28th  day of  March  ,  2019  at  10:00  o'clock  a  m.

Issued under authority of the Internal Revenue Code this  5th  day of  March          ,  2019

PATRICIA  REUTER   *[signature]*                     REVENUE OFFICER

Signature of issuing officer                                      Title

Signature of approving officer *(if applicable)*                Title

**Original -- to be kept by IRS**



# Certificate of Service of Summons

(Pursuant to section 7603, Internal Revenue Code)

**I certify that I served the summons shown on the front of this form on:**

| Date | Time |
|------|------|
| Tuesday, March 5, 2019 | 2³⁰ pm |

**How Summons Was Served**

☐ I handed an attested copy of the summons to the person to whom it was directed.

_____

_____

☑ I left an attested copy of the summons at the last and usual place of abode of the person to whom it was directed. I left the copy with the following person (if any):

AT THE HOME OF THE OFFICER, DR DONALD BRESLIN
15 TIFFANY LANE, PERKASIE, PA 18944

_____

_____

**Summons was placed in a double sealed envelope and attached to the front door with a rubber-band so no damage was done to the residential property**

| Signature | Title |
|-----------|-------|
| Patricia Feeley | REVENUE OFFICER |

**I certify that the copy of the summons served contained the required certification.**

| Signature | Title |
|-----------|-------|
| Patricia Feeley | REVENUE OFFICER |

Catalog No. 61828W

Form **6638** (Rev. 10-2010)

## Attachment 1 to Summons Form 6638

In the matter of **DR DONALD BRISLIN, TP/OFFICER OF DUBLIN INTERNAL MEDICINE PC**

Period information:  Form 1120 for the fiscal periods ending December 31, 2008, December 31, 2009, December 31, 2010, December 31, 2011, December 31, 2012, December 31, 2013, December 31, 2014, December 31, 2015, December 31, 2016 and December 31, 2017

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

United States of America

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
AUSA Erin E. Lindgren
U.S. Attorney's Office, 615 Chestnut Street, Suite 1250
Philadelphia, PA 19106 (215) 861-8564

## DEFENDANTS

Donald Brislin, President and Officer of Dublin Internal Medicine, P.C.

County of Residence of First Listed Defendant   **Bucks County**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☒ 1   U.S. Government Plaintiff
- ☐ 2   U.S. Government Defendant
- ☐ 3   Federal Question *(U.S. Government Not a Party)*
- ☐ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                            *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☒ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1   Original Proceeding
- ☐ 2   Removed from State Court
- ☐ 3   Remanded from Appellate Court
- ☐ 4   Reinstated or Reopened
- ☐ 5   Transferred from Another District *(specify)*
- ☐ 6   Multidistrict Litigation - Transfer
- ☐ 8   Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
I.R.C. 7604(a), 26 U.S.C. 7604(a)
Brief description of cause:
IRS Summons Enforcement

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE   08/19/2019

SIGNATURE OF ATTORNEY OF RECORD
AUSA Erin E. Lindgren

**FOR OFFICE USE ONLY**

RECEIPT #   _____   AMOUNT   _____   APPLYING IFP   _____   JUDGE   _____   MAG. JUDGE   _____

JS 44 Reverse  (Rev. 06/17)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**   **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)**   **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)**   **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**   **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**   **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.**   **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.

Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.

**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**   **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service   .

**VII.**   **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| DONALD BRISLIN, President and Officer | : |
| of DUBLIN INTERNAL MEDICINE, PC, | : |
| CARE GROUP, LTD., | : |
| Defendant. | : |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (X)

| | | |
|---|---|---|
| 8/19/2019 | Erin E. Lindgren, Attorney-at-law | Plaintiff United States of America |
| Date | | Attorney for |
| 215.861.8564 | 215.861.8564 | Erin.Lindgren@usdoj.gov |
| Telephone | Fax Number | E-Mail Address |

(Civ. 660) 10/02

## Civil Justice Expense and Delay Reduction Plan
## Section 1:03 - Assignment to a Management Track

(a)        The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)        In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)        The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)        Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)        Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

## SPECIAL MANAGEMENT CASE ASSIGNMENTS
### (See §1.02 (e) Management Track Definitions of the
### Civil Justice Expense and Delay Reduction Plan)

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 615 Chestnut Street, Suite 1250, Philadelphia, PA  19106 _____

Address of Defendant: _____ 15 Tiffany Lane, Perkasie, PA 18944 _____

Place of Accident, Incident or Transaction: _____ Dublin, PA _____

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 08/19/2019 _____   _____ Attorney-at-Law / Pro Se Plaintiff   0392617 (MN) Attorney I.D. # (if applicable)

---

**CIVIL: (Place a √ in one category only)**

**A.   Federal Question Cases:**

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☐ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☑ 11. All other Federal Question Cases
  *(Please specify):* IRS Tax Summons Enforcement

**B.   Diversity Jurisdiction Cases:**

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
  *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ AUSA Erin E. Lindgren _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☑ Relief other than monetary damages is sought.

DATE: 08/19/2019 _____   _____ Attorney-at-Law / Pro Se Plaintiff   0392617 (MN) Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5 2018)